# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **John Crosson-Hill,** | ) |
| | ) |
| **Plaintiff,** | ) Case No. 3:20-cv-00503 |
| | ) |
| v. | ) |
| | ) **Judge Michael J. Newman** |
| **Titan Consulting Group, LLC, Lakeview Law Group of Sonny S. Shalom, PLLC, and Sonny S. Shalom, PLLC,** | ) |
| | ) **DEFENDANTS' MOTION TO** |
| | ) **DISMISS PLAINTIFF'S COMPLAINT** |
| **Defendants.** | ) |
| | ) |

Pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(6), and 9(b), Defendants Titan Consulting Group, LLC ("Titan"), Lakeview Law Group of Sonny S. Shalom, PLLC ("Lakeview"), and Sonny S. Shalom, PLLC ("Shalom") (collectively, "Defendants") hereby respectfully move this Court for an order dismissing all claims asserted by Plaintiff John Crosson-Hill ("Plaintiff").  The reasons for this request are detailed in the Memorandum below.

Respectfully submitted,

*/s/ Sean L. McGrane*
Sean L. McGrane (0091287)
Marissa Black (0093368)
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio  44114
Telephone: +1 216 479 8500
Facsimile: +1 216 479 8780
sean.mcgrane@squirepb.com
marissa.black@squirepb.com

*Attorneys for Defendants*

**MEMORANDUM IN SUPPORT**

**I.  INTRODUCTION**

Plaintiff's claims should be dismissed for at least three separate and independent reasons.

<u>First</u>, Plaintiff has not established that personal jurisdiction can be exercised over any of the Defendants in this case, each of whom is located outside of Ohio.  Plaintiff does not allege any contact whatsoever in Ohio between himself and two of the Defendants.  And Plaintiff's contact in Ohio with the third Defendant, Titan Consulting Group, LLC, is based on a single piece of mail that Plaintiff received in Ohio from Defendant, followed by a voluntarily telephone call Plaintiff made to Defendant.  These sorts of discrete, one-off interactions between a plaintiff and an out-of-state defendant are insufficient to establish personal jurisdiction under Ohio law, and Plaintiff's claims should accordingly be dismissed.  *See, e.g.*, *Austin Miller American Antiques, Inc. v. Cavallaro*, 2011 Ohio App. LEXIS 5479, ¶ 21 (Ohio Ct. App. Dec. 22, 2011) (affirming dismissal for lack of personal jurisdiction because a phone call to an Ohio plaintiff was insufficient to confer personal jurisdiction over an out-of-state defendant).

<u>Second</u>, even assuming personal jurisdiction exists over each Defendant, Plaintiff fails to allege any legally-cognizable injury that is sufficient to establish Article III standing.  Plaintiff pleads no facts to support his conclusory allegation of "money damages" (there were none), and Plaintiff's vague allegations of "emotional harm" and "embarrassment" have been found to be insufficient to establish standing in cases involving the same types of claims asserted by Plaintiff here.  *See, e.g.*, *Oneal v. First Tenn. Bank*, 2018 U.S. Dist. LEXIS 42383, at *7 (E.D. Tenn. Mar. 15, 2018) (dismissing FCRA claim for lack of standing where only alleged injuries were an invasion of the plaintiff's "legally protected privacy interests" and "mental and emotional distress").

Third, and finally, certain of Plaintiff's claims fail because Plaintiff has not pleaded sufficient facts to state a claim for relief that is plausible on its face under the pleading standards of *Twombly* and *Iqbal*.

For these reasons, and those discussed further herein, Defendants respectfully request that Plaintiff's claims be dismissed in their entirety.

## II.     FACTUAL ALLEGATIONS[1]

Plaintiff John Crosson-Hill is a resident of Fairborn, Ohio. (Compl. ¶ 6.)

Defendant Titan is a debt consolidation company that provides debt relief to individual consumers. (Compl. ¶ 7.) Defendant Lakeview is a law firm that provides debt resolution services to individuals. (Compl. ¶ 8.) Defendant Shalom is a lawyer and the owner of Lakeview. (Compl. ¶¶ 9-10.) Defendants partner together to provide consumers with a debt consolidation program. (Compl. ¶ 29.) Each Defendant is alleged to reside in New York.

Plaintiff's claims arise from a mailer he allegedly received from Titan, which stated that Plaintiff had been "pre-approved" for a loan, subject to meeting certain financial and credit criteria. (Exhibit A; Compl. at ¶ 23.) Plaintiff subsequently called the phone number on the mailer and spoke with a representative of Titan. (Compl. at ¶ 27.) Plaintiff voluntarily provided certain financial information to the Titan representative. Based on the financial information Plaintiff provided, Plaintiff was told that he likely would not meet the criteria for a traditional loan. (Compl. at ¶¶ 28-29.) The Titan representative informed Plaintiff about Titan's alternative debt consolidation program, which assists borrowers in managing or consolidating high credit card balances or other debt. (Compl. at ¶ 29.)

---

[1] The facts recited herein from Plaintiff's Complaint are accepted as true for purposes of this motion. *See Bohler v. City of Fairview*, 2018 U.S. Dist. LEXIS 103236, at *3 n.1 (M.D. Tenn. June 19, 2018).

Beyond this sole telephone call, Plaintiff alleges no further contact with Titan (let alone Lakeview or Shalom). Plaintiff does not allege that he entered into any agreement with any Defendant, paid any Defendant any money, accepted any services by or from Defendants, or took any action whatsoever—other than filing this lawsuit—as a result of his limited interaction with Titan. Plaintiff filed his Complaint on November 16, 2020, asserting six claims against Defendants: (i) violation of the Fair Credit Reporting Act, Willful Noncompliance; (ii) violation of the Fair Credit Reporting Act, Negligent Noncompliance; (iii) violation of the Ohio Consumer Sales Practices Act; (iv) fraud; (v) civil conspiracy; and (vi) violations of the Equal Credit Opportunity Act.

## III. LAW AND ARGUMENT

Plaintiff's claims can be dismissed, in whole or in part, on multiple separate and independent grounds: (1) Plaintiff fails to sufficiently allege jurisdiction over any Defendant; (2) Plaintiff fails to plead any cognizable injury; and (3) Plaintiff fails to state a claim for relief that is plausible on its face.

### A. The Complaint should be dismissed because Plaintiff fails to establish that personal jurisdiction exists over any Defendant.

As a threshold matter, Plaintiff fails to sufficiently plead that personal jurisdiction exists over any Defendant, and the claims against the Defendants should accordingly be dismissed. In ruling on a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), a plaintiff "may not stand on [his] pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citations omitted). The plaintiff "bears the burden of demonstrating that such jurisdiction exists." *Lexon Ins. v. Devinshire Land Development, LLC*,

573 F. App'x. 427, 429 (6th Cir. 2014) (citing *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003)).

Plaintiff alleges that all three Defendants "operate[] from" New York. (Compl. at ¶¶ 7-9.) Plaintiff does not allege that any Defendant is incorporated under the laws of Ohio (none is) or is a citizen of Ohio. (*Id.*) Thus, each Defendant is to be treated as an out-of-state defendant for purposes of determining personal jurisdiction.

Personal jurisdiction exists over a non-resident defendant only if the plaintiff meets the requirements of both Ohio's long-arm statute and constitutional due process. *Rosenberg v. ABF Freight Sys.*, 2014 U.S. Dist. LEXIS 44949, at *4 (S.D. Ohio Mar. 31, 2014) (citation omitted). If the plaintiff fails to establish jurisdiction pursuant to Ohio's long-arm statute, the court need not consider jurisdiction in the context of due process. *Id.* Ohio's long-arm statute, O.R.C. § 2307.382, identifies certain limited conduct that can give rise to personal jurisdiction in Ohio over an out-of-state defendant. Although Plaintiff fails to plead the specific provision under which he believes personal jurisdiction may be exercised over Defendants, Plaintiff alleges that "Defendants regularly engage in business with, and direct business at, Ohio consumers and have otherwise availed themselves of the Ohio marketplace and secured the benefits of that marketplace." (Compl. at ¶ 2). Thus, Plaintiff presumably relies on the "transacting any business" prong of the long-arm statute. O.R.C. § 2307.382(a)(1) ("A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's [t]ransacting any business in this state.").

As shown further herein, the conduct alleged in the Complaint is insufficient to establish personal jurisdiction over any of the Defendants.

### 1. Plaintiff fails to establish that personal jurisdiction exists over Lakeview and Mr. Shalom.

Plaintiff does not allege that he ever spoke to or communicated with Lakeview or Shalom. The Complaint is devoid of *any* allegations that Lakeview or Shalom had any contact with Plaintiff, let alone sufficient contact for the Court to confer personal jurisdiction over them pursuant to the "transacting business" prong of Ohio's long-arm statute. Nor can Plaintiff establish personal jurisdiction over Lakeview or Shalom through actions taken by Titan. There are no allegations in the Complaint that Lakeview or Shalom had any control over, or did in fact direct, Titan's actions with respect to Plaintiff. Thus, the Court lacks personal jurisdiction over both Lakeview and Shalom.

### 2. Plaintiff fails to establish personal jurisdiction over Titan.

Likewise, Plaintiff does not plead facts that establish that this Court has personal jurisdiction over Titan, the only defendant who Plaintiff alleges had *any* contact whatsoever with Plaintiff.

Plaintiff alleges that Titan sent him a mailer in Ohio. This is the only affirmative conduct that Titan is alleged to have directed to Ohio. Courts have made clear that this sort of single instance of contact is insufficient to establish personal jurisdiction over a defendant in Ohio under the "transacting business" prong: "[M]erely directing communications to an Ohio resident for the purpose of negotiating an agreement, without more, is insufficient to constitute 'transacting business' within Ohio. Rather, there must additionally be some continuing obligation that connects the non-resident defendant to the state or some terms of the agreement that affect the state." *Shaker*

*Constr. Grp., LLC v. Schilling*, 2008 U.S. Dist. LEXIS 79645, at *11 (S.D. Ohio Sep. 18, 2008).[2] Thus, the mailer is insufficient to establish personal jurisdiction over Titan.

Plaintiff does not allege any further communications between himself and Titan (other than his voluntary call to Titan), and does not allege that the parties ever entered into a contract for any goods or services, that any services were provided by Titan, that any payment was made to Titan, or that the parties had any other interaction at all. Thus, Plaintiff has failed to establish personal jurisdiction over Titan, and Plaintiff's claims should accordingly be dismissed in their entirety.

### B. Plaintiff has failed to allege injury-in-fact required for Article III standing and therefore his claims should be dismissed pursuant to Rule 12(b)(1).

Even assuming that personal jurisdiction can be exercised over one or all of the Defendants, Plaintiff's claims still fail in their entirety because Plaintiff has failed to plead any legally-cognizable injury-in-fact. His claims should accordingly be dismissed for failure to establish Article III standing. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 422 (2013) (dismissing case for lack of standing where injury-in-fact was not alleged); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (dismissing case for lack of standing).

Article III limits federal court jurisdiction to actual "cases or controversies." U.S. CONST. art. III, § 2. As the Supreme Court has stated, standing "is an essential and unchanging part of the

---

[2] *See also Int'l Watchman, Inc. v. 81 January, Inc.*, 2017 U.S. Dist. LEXIS 141299, at *3 (N.D. Ohio Aug. 31, 2017) (Defendants' sending a single letter to Plaintiff in Ohio did not support personal jurisdiction over Defendants); *In re CORDIS Corp. PACEMAKER Prod. Liab. Litig.*, 1993 U.S. Dist. LEXIS 21296, at *29 n.14 (S.D. Ohio Dec. 8, 1993) ("However, writing a letter which was sent to Ohio residents does not, by itself, establish personal jurisdiction."); *Austin Miller*, 2011 Ohio App. LEXIS 5479 at ¶ 21 (affirming dismissal for lack of personal jurisdiction because a phone call to an Ohio plaintiff was insufficient to confer personal jurisdiction over an out-of-state defendant)*; Culp v. Polytechnic Inst. of N.Y.*, 455 N.E.2d 698, 701 (Ohio Ct. App. 1982) (no personal jurisdiction where plaintiff called out of state defendant to discuss transaction, thereby "manifest[ing] his willingness to transact business outside Ohio").

case-or-controversy requirement of Article III." *Lujan*, 504 U.S. at 560.  This includes the following three elements, which constitute the "irreducible constitutional minimum of standing":

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized … and (b) actual or imminent not conjectural or hypothetical … Second, there must be a causal connection between the injury and the conduct complained of … Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Id.* at 560-61 (internal quotations omitted).  Plaintiff bears the burden of establishing all three elements.  *Id.* at 561.

Here, Plaintiff's alleged injuries are not sufficient to confer Article III standing.  Plaintiff alleges that, as a result of Titan's alleged FCRA violations, he suffered "mental and emotional hardship, physical, mental and emotional stress, anxiety, monetary damages and embarrassment upon learning that his most private financial data had been accessed and reviewed by companies and individuals that had no right to such information." (Compl. ¶¶ 45, 50.)  Plaintiff, however, fails to plead any facts to support his conclusory allegations of "monetary damages" or other pecuniary loss; there are no allegations identifying how much money was lost, and how such losses are tied to the conduct of the Defendants.

Without any sufficiently-pleaded monetary damages or pecuniary loss, all that is left in Plaintiff's Complaint are conclusory allegations of "mental and emotional" harm and "embarrassment."  Courts have held, however, that these types of conclusory allegations of psychic harm are insufficient to satisfy the requirements of Article III.  *See Oneal*, 2018 U.S. Dist. LEXIS 42383 at *7 (dismissing FCRA claim for lack of standing where only alleged injuries were an invasion of the plaintiff's "legally protected privacy interests" and "mental and emotional distress"); *Thompson v. Equifax Info. Servs., LLC*, 441 F. Supp. 3d 533, 542 (E.D. Mich. 2020) (dismissing FCRA claims for lack of standing because the plaintiff "submitted no evidence that

she suffered any loss of credit or other financial harm as a result of [defendant's] alleged negligent and willful violation of the FCRA"); *Andres v. New Lothrop Area Pub. Schs*, 2018 U.S. Dist. LEXIS 171837, at *11 (E.D. Mich. Aug. 15, 2018) (dismissal of FCRA claim for lack of standing where the plaintiff alleged "damage to her reputation, emotional turmoil, emotional distress, and anxiety").

Further, Plaintiff's assertion that he suffered "embarrassment upon learning that his most private financial data had been assessed and reviewed" by Titan, ignores Plaintiff's own allegation that ***he himself voluntary provided his private financial data to Titan***. (Compl. ¶ 28.) (noting that Plaintiff voluntarily called Titan's representative and provided "his annual income, whether he had filed bankruptcy or had a foreclosure in the past ten years and information regarding how [he] filed his taxes"). Plaintiff cannot establish injury-in-fact for Article III standing purposes by causing his own injuries.

Similarly, Plaintiff alleges that he suffered "mental and emotional hardship, physical, mental and emotional stress, anxiety, embarrassment and monetary damages" due to Titan's alleged violation of the Ohio Consumer Sales Practices Act. (Compl. ¶ 57.) Like Plaintiff's allegations of injury related to his FCRA claims, this single, conclusory sentence in the Complaint regarding his alleged emotional harm is insufficient to manufacture Article III standing. *See, e.g.*, *Oneal*, 2018 U.S. Dist. LEXIS 42383 at *26.

Lastly, Plaintiff does not allege that he suffered ***any*** injury—let alone that which would be sufficient for Article III standing—for his remaining claims of fraud, civil conspiracy, and

violation of the Equal Credit Opportunity Act. Accordingly, the Court should dismiss Plaintiff's Complaint in its entirety for lack of standing.

### C. Plaintiff's OCSPA, fraud, civil conspiracy, and ECOA claims should also be dismissed because Plaintiff fails to state a claim for which relief may be granted.

A complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action. *Id.* at 555. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

In ruling on a Rule 12(b)(6) motion, a court generally only considers the plaintiff's complaint. If, however, "a plaintiff references or quotes certain documents, . . . a defendant may attach those documents to its motion to dismiss, and a court can then consider them in resolving the Rule 12(b)(6) motion without converting the motion to dismiss into a Rule 56 motion for summary judgment." *Watermark Senior Living Retirement Communities, Inc. v Morrison Management Specialists, Inc.*, 905 F. 3d 421, 425 (6th Cir. 2018) (quoting *In re Omnicare, Inc. Sec. Litig., (Omnicare III)*, 769 F.3d 455, 466 (6th Cir. 2014)).

Plaintiff's Complaint is devoid of factual allegations to support his claims; the vast majority of "allegations" in the Complaint are merely unsupported legal conclusions and formulaic

recitations of statutory provisions.³ Stripped of the legal conclusions, unfounded accusations, and formulaic recitations of the elements of statutes and causes of action, which this Court is not required to accept as true, the only actual allegations in the Complaint are: (1) Plaintiff received a piece of mail; (2) Plaintiff called the phone number on the mailer and voluntarily provided financial information to Titan; (3) Plaintiff was told he did not qualify for a traditional loan; and (4) Plaintiff was told about a debt consolidation program with Lakeview. (Compl. at ¶¶ 23-30.) These factual allegations are insufficient to support Counts III-VI of Plaintiff's Complaint, and those counts should accordingly be dismissed.

> **1. Count III fails because there was no consumer transaction and Plaintiff has alleged no facts supporting any of its OCSPA claims.**

In order to state a claim for a violation of the Ohio Consumer Sales Protection Act ("OCSPA"), a plaintiff must plead that: (1) a supplier; (2) committed an unfair, deceptive, or unconscionable act or practice; (3) in connection with a consumer transaction. O.R.C. §§ 1345.02(A), 1345.03(A)); *see also Stalvey v. NVR, Inc.*, 2011 U.S. Dist. LEXIS 88065, at *10 (N.D. Ohio Aug. 9, 2011) (dismissing OCSPA claim pursuant to Rule 12(b)(6)). Plaintiff's Complaint fails to state a claim for any such violation. Indeed, Count III attempts to allege seven separate violations of OCSPA, but all of them fail because Plaintiff's limited interactions with

---

³ These unfounded statements are boilerplate. Notably, Plaintiff's counsel filed a nearly identical complaint with the same boilerplate allegations just four (4) days before the Complaint allegations in this case was filed. That case has also been removed to the Southern District of Ohio. *See Long v. Titan Consulting, Group, LLC, et al.*, S.D. Ohio Case. No. 2:20-cv-06479 (Morrison, J.).

Titan were not "consumer transactions" as required to state a claim under the OSCPA and because Plaintiff alleges no facts to support these alleged violations.

### a. There was no "consumer transaction."

O.R.C. § 1345.01(A) defines a "consumer transaction" as "a sale . . . or other transfer of . . . a service . . . to an individual for purposes that are primarily personal, family, or household, or solicitation to provide" a service.  Plaintiff has not alleged the sale or transfer or any services, or that Titan solicited him to provide a service.  The only arguable "services" Titan provided were to offer to refer Plaintiff for a debt consolidation loan or to offer to "submit [Plaintiff's] information to a local firm . . . or other debt settlement companies." (Compl. ¶ 31.)  Plaintiff's self-serving and conclusory allegation that "Defendant solicited Plaintiff to provide him services for his personal debt in exchange for various fees" (Compl. ¶ 52) is directly contradicted by the language in Exhibit A (which makes no mention of fees) and Plaintiff's own description of his telephone conversation with Titan's representative (which likewise does not mention fees).  (Compl. ¶¶ 27-30.)  While a solicitation to sell goods or services may be a "consumer transaction," *Weaver v. J.C. Penny Co.*, 372 N.E.2d 633, 635 (Ohio Ct. App. 1977), there is no allegation that Titan sold or even attempted to sell anything to anyone.  Thus, Plaintiff has not alleged a "consumer transaction" as a matter of law, and his OCSPA claims fail accordingly.

### b. Exhibit A offers no support for Plaintiff's OSCPA claims.

Plaintiff also fails to adequately allege that any Defendant made a *bona fide* offer to him, as is required for a bait advertising claim.  *See* O.A.C. 109:4-3-03(B) ("An offer is not bona fide if: . . . (2) The first contact or interview with the consumer is secured by the supplier through deception.").  Moreover, Titan has not violated O.A.C. 109:4-3-10(A), which prohibits making "any representations, claims, or assertions of fact . . . which would cause a reasonable consumer

to believe such statements are true [without a reasonable basis in fact] which substantiates such representations, claims, or assertions of fact." The "debt balance," "interest rate," and "monthly payment" Plaintiff appears to reference are clearly estimated and average examples, not assertions of fact.

As Plaintiff has failed to allege a "consumer transaction" and none of Plaintiff's OCSPA claims is supported by any factual allegations, Count III should be dismissed.

### 2. Count IV fails because Plaintiff fails to allege fraud with the required particularity.

A claim for common law fraud requires the following elements: (1) a representation or, where there is a duty to disclose, concealment of a fact; (2) which is material; (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the representation or concealment; and (6) a resulting injury proximately caused by the reliance. *Burr v. Bd. of Cty. Commrs.*, 491 N.E.2d 1101, 1105 (Ohio 1986).

These elements must be alleged with particularity under Federal Rule of Civil Procedure 9(b). *See* FED. R. CIV. PRO 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). To satisfy Rule 9(b), a plaintiff must at a minimum allege the time, place and content of the alleged misrepresentation on which he or she relied, the fraudulent scheme, the fraudulent intent of the defendant, and the resulting injury. *Bennett v. MIS Corp.*, 607 F.3d 1076, 1100 (6th Cir. 2010). Failure to specifically plead the facts constituting the alleged fraud results in a defective claim that cannot withstand a motion to dismiss. *Bucy v. Aurora Loan Servs., LLC*, 2011 U.S. Dist. LEXIS 28191, at *12 (S.D. Ohio Mar. 18, 2011) (granting motion to dismiss where plaintiff did not plead fraud claim with particularity).

Plaintiff's Complaint fails to plead the essential elements of fraud under Federal Rule of Civil Procedure 8(a), let alone with the required particularity under Rule 9(b). The only factual representations Plaintiff identifies are the "representations in Exhibit A" that "he was pre-approved for a consolidation loan" and it would be "easy for you to obtain one of several low rate loan options." (Compl. ¶ 61.) Plaintiff's own allegations fail to suggest that these representations were false. In fact, a copy of the full mailer, attached at Exhibit A, makes clear that the loan was not guaranteed and was conditioned upon the applicant meeting certain criteria. *See* Exhibit A ("This offer is not guaranteed if you do not meet our criteria[.]"). The fact that Plaintiff did not ultimately qualify for referral for a loan, given the additional information Plaintiff voluntarily provided, does not amount to fraud.

As a matter of law, conditional pre-approval offers do not amount to fraud where the offer contains disclaimer language that the plaintiff must meet certain requirements for approval, as the mailer here does. *See Silver Hill Fin. Bayview Loan Servicing, LLC v. Mosser*, 2009 Mont. LEXIS 559 (Mon. Nov. 25, 2009) (affirming dismissal of fraud claim because the pre-approval letters made clear that the conditional pre-approval did not constitute a loan approval). Curiously, Plaintiff omitted the portion of the mailer that contains this disclaimer language when he filed his Complaint. (Compl., Ex. A.) Moreover, Plaintiff has alleged no injury proximately caused by his alleged reliance, as required to support a fraud claim. Plaintiff allegedly "relied on [the] representations in Exhibit A in making a determination to call Titan," (Compl. ¶ 61.), but Plaintiff has alleged no injury caused by making the phone call.

### 3. Count V fails because Plaintiff has not alleged an underlying tort.

"A civil conspiracy claim is derivative and cannot be maintained absent an underlying tort that is actionable without the conspiracy." *Morrow v. Reminger & Reminger Co. LPA*, 915 N.E.2d

696, 711 (Ohio Ct. App. 2009) (citation omitted). Plaintiff specifically alleges, "Titan conspired with 'Lakeview Law Group' as well as a marketing agent to illegally obtain and use data protected by the FCRA." (Compl. ¶ 66.) As Plaintiff has failed to plead a violation of the FCRA, his civil conspiracy claim likewise fails.

### 4. Count VI should be dismissed because Plaintiff never submitted a completed application as required under the ECOA.

In order to sufficiently plead a violation of the Equal Credit Opportunity Act ("ECOA"), a plaintiff must plead: "(1) he is a member of a protected class; (2) he applied for and was qualified for a loan; (3) the loan application was rejected despite his [ ] qualifications; and (4) the lender continued to approve loans for applicants with qualifications similar to those of the plaintiff." *See Athey v. Consumers Nat'l Bank*, 2020 U.S. Dist. LEXIS 26818, at *6 (N.D. Ohio Feb. 18, 2020) (granting Rule 12(b)(6) motion to dismiss ECOA claim). Plaintiff's ECOA claim (that Titan failed to issue an adverse action notice) (Compl. ¶¶ 69-76) fails because there are no factual allegations that Plaintiff ever submitted a completed credit application, as required for an ECOA claim. *See Howard Oaks, Inc. v. Md. Nat'l Bank*, 810 F. Supp. 674, 678 (D. Md. 1993) ("plaintiff['s] attempt[] to assert a claim for violation of the [ECOA] also fails, because plaintiff has not alleged a necessary predicate for such liability, *viz.*, its submission of a 'completed application'" under 12 C.F.R. § 202.2.1(f).).

Pursuant to 15 U.S.C. § 1691(d)(1), "a creditor shall notify the applicant of its [adverse] action on [an] application . . . [w]ithin thirty days . . . after receipt of a ***completed application*** for credit." (emphasis added). A "completed application" is defined by 12 C.F.R. § 202.2(f) as:

> An application in connection with which a creditor has received all the information that the creditor regularly obtains and considers in evaluating applications for the amount and type of credit requested (including, but not limited to, credit reports, any additional information requested from the applicant, and any approvals or

    reports by governmental agencies or other persons that are necessary to guarantee, insure, or provide security for the credit or collateral).

But Plaintiff alleges only that he answered general questions about his financial situation, such as "whether he had filed bankruptcy or had a foreclosure," prior to being told that he did not qualify for a loan. (Compl. ¶ 28.) Because these general allegations fall far short of the statutory definition of a "completed application," Plaintiff's ECOA notification claim should be dismissed. *See Jefferson v. Briner, Inc.*, 2006 U.S. Dist. LEXIS 41423, at *20 (E.D. Va. June 21, 2006) (dismissing ECOA claim where "there was no completed application prior to [the] decision to deny the loan," despite multiple interactions with a mortgage broker, including broker's review of an authorized credit report).

### IV. CONCLUSION

For these reasons, Defendants respectfully request that the Motion be granted and the Complaint be dismissed in its entirety.

Dated: February 1, 2021

                                                   */s/ Sean L. McGrane*
                                                   Sean L. McGrane (0091287)
                                                   Marissa Black (0093368)
                                                   SQUIRE PATTON BOGGS (US) LLP
                                                   4900 Key Tower
                                                   127 Public Square
                                                   Cleveland, Ohio 44114
                                                   Telephone: +1 216 479 8500
                                                   Facsimile: +1 216 479 8780
                                                   sean.mcgrane@squirepb.com
                                                   marissa.black@squirepb.com

                                                   *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2021, a true and correct copy of the foregoing was served to all counsel of record via the Court's electronic filing system.

*/s/ Sean L. McGrane*
Sean L. McGrane

*Attorney for Defendants*